**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 20-246 (ZMF)(RBW)** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMAL HUNTER,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A), and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I. Procedural History**

The defendant is charged by criminal Indictment with one count of Carjacking, in violation of Title 18 U.S.C. § 2119(1); and one count of Using, Carrying, Brandishing, and Possessing a Firearm During and in Relation to a Crime of Violence, in violation of Title 18 U.S.C. § 924(c)(1)(A)(ii). At the defendant's initial appearance, the government moved for detention of the defendant and requested a detention hearing. This Court set a detention hearing date for the defendant for Tuesday, November 17, 2020.

**II. Legal Authority and Argument**

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Hunter should be detained. *See* 18 U.S.C. § 3142(e)(1).

    A.    **Nature and Circumstances of the Offenses Charged**

On Sunday, September 27, 2020, at approximately 1:43 PM, the victim, while parked in his car at 30 Kennedy Street NE, Washington, D.C., was livestreaming on social media (Facebook) was carjacked at gunpoint. While filming himself, he was suddenly approached by Suspect #1, Suspect #2, and Suspect #3. Suspect #1 and Suspect #2 approached the victim at the front driver's

and front passenger's doors, while brandishing black handguns and ordered the victim to get out of his car. The suspects ordered the victim to give up his shoes and wallet. Two of the suspects entered the victim's vehicle and were last seen fleeing northbound on New Hampshire Avenue NE, from Kennedy Street NE. Suspect #4, who was driving the vehicle that the other suspects arrived in, followed the victim as he walked home to 5324 Rock Creek Church Road NE. The victim reported that Suspect #4 said something to him while he was walking home, but the victim did not hear what Suspect #4 said. Suspect #4 was last seen driving southbound in the 5300 Block of Rock Creek Church Road NE as the Victim entered his building.

      Importantly, a portion of this offense was captured on the victim's Facebook livestream. Law enforcement officers reviewed the Facebook footage, which depicted the following: The victim was sitting in his car while looking at the camera on his phone and speaking, when an individual approached from behind the victim's vehicle. Moments later, the victim looked toward the front passenger's side window as an individual can be heard saying "get out of the car." While the victim was looking towards the window, the individual repeated himself demanding the victim to get out of his car. The victim turned towards the front driver's side window while raising both of his hands. A second individual told the victim to get out of the car and said, "I'm not playing with you." In response, the victim got out of his car. Moments later, Suspect #1 entered the driver's seat of the victim's car. Suspect #1 turned the key to the ignition, and drove away immediately. The victim's Facebook livestream was still in progress as Suspect #1 entered the victim's car and drove away. The victim's phone was angled in a way that only the driver (Suspect #1) could be seen. However, Suspect #1 is heard speaking with at least one other individual who is also inside

of the victim's vehicle as he drove away. The video footage stopped soon after as the suspects discovered that the phone was on.

Detectives later identified Suspect #1 as Jamal Hunter through several call-in and email identifications. (*See* further identification specifics below). The victim's vehicle was recovered on September 29, 2020, approximately 0.1 miles away from defendant Hunter's home address.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that the defendant committed the crimes of Carjacking and Using, Carrying, Brandishing, and Possessing a Firearm During and in Relation to a Crime of Violence, with Carjacking being a crime of violence. The nature of this offense weighs heavily in favor of detention.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is extremely strong and troubling. Significantly, the actual carjacking was recorded on video and the defendant can clearly be seen on the video recording taking the victim's vehicle.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The defendant's criminal conduct has remained undeterred as evidenced by his consistent contacts with the criminal justice system for the past several years. Furthermore, the government is very concerned that the instant alleged conduct represents an escalation to extremely violent conduct. A criminal history check of defendant Hunter criminal record shows, *inter alia*, that the defendant has current robbery and assault charges from an arrest in March 2020, for which

4

the defendant was on release status at the time of the instant criminal charges. In fact, according to the Pretrial Services Report, the defendant has six pending cases, seventeen prior arrests, and a history of three bench warrants. The government submits that the defendant should not be released.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant with at least two co-conspirators violently and armed with a firearm carjacked the victim of his vehicle which placed the victim in fear for his safety and put the community at risk by his actions.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
New York Bar No. 4444188

By:   /s/ Emory V. Cole
Emory V. Cole
P.A. Bar No. 49136
Kristian L. Hinson
D.C. Bar No. 1012893
Assistant United States Attorneys
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Emory.Cole@usdoj.gov
Telephone: (202) 252-7692

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, this 16th day of November, 2020.

    /s/Emory V. Cole
Emory V. Cole
Assistant United States Attorney